**In re DAMIANO.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V94–74721.

Decided April 22, 1997.

*Michael John Downing,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This appeal came to be heard before this panel of three commissioners on June 19, 1996 upon the applicant Samuel J. Damiano, Jr.'s March 13, 1996 objection to the February 29, 1996 decision of the single commissioner.

The single commissioner denied an award of reparations, pursuant to R.C. 2743.60(F) and the determination in *In re Spaulding* (1991), 63 Ohio Misc.2d 39, 619 N.E.2d 1199, based on a finding that the applicant engaged in substantial contributory misconduct.

The Attorney General and the applicant's counsel attended the hearing and offered oral argument for this panel's consideration. The applicant presently resides in the state of Florida and was unable to appear at the hearing.

R.C. 2743.60(F) provides in pertinent part:

"In determining whether to make an award of reparations pursuant to this section, a single commissioner or panel of commissioners shall consider whether there was contributory misconduct by the victim or the claimant. A single commissioner or a panel of commissioners shall reduce an award of reparations or deny a claim for an award of reparations to the extent it is determined to be reasonable because of the contributory misconduct of the claimant or the victim."

R.C. 2743.51(M) defines "contributory misconduct" in the following manner:

" 'Contributory misconduct' means any conduct of the claimant or of the victim through whom the claimant claims an award of reparations that is unlawful or intentionally tortious and that, without regard to the conduct's proximity in time or space to the criminally injurious conduct, has a causal relationship to the criminally injurious conduct that is the basis of the claim."

The Attorney General has the burden of proof, by a preponderance, on the issue of contributory misconduct. *In re Williams* (Mar. 26, 1979), Ct. of Cl. No. V77–0739jud, unreported. However, an award of reparations cannot be denied, under R.C. 2743.60(F), absent a showing of substantial contributory misconduct. *In re Spaulding* (1991), 63 Ohio Misc.2d 39, 619 N.E.2d 1199. Where substantial misconduct is not shown, an award may be granted but reduced by a reasonable percentage.

This claim arises as a result of a physical altercation that occurred on July 12, 1994 at a tavern in Niles, Ohio. The single commissioner denied the claim based upon information in the claim file indicating the applicant voluntarily engaged in the physical encounter with the offenders. Specifically, a barmaid on duty at the tavern told the police that the applicant was intoxicated when he came in and that he struck a female patron for no apparent reason.

The barmaid further indicated that the applicant then left the tavern at her request; however, he returned a short time later. According to the barmaid, the applicant was injured when he was "thrown out" by other customers. The single commissioner also noted that one of the offenders, Pat Carrol, told the police that he had stepped in to prevent the applicant from striking the female patron and that an altercation occurred after the applicant attempted to strike this offender. The single commissioner concluded that, regardless of which version of the incident was accepted, it was readily foreseeable that the applicant would be assaulted by the offenders. Therefore, the single commissioner found that the applicant's misconduct was causally related to the criminally injurious conduct and was substantial in nature.

The applicant's counsel maintains that the information in the file is insufficient to satisfy the Attorney General's burden of proof on the issue of contributory misconduct. Counsel noted that the statements contained in the police report are conflicting and that the report conflicts with the December 29, 1994 memorandum of the Attorney General's investigator.

The Attorney General's December 29, 1994 memorandum indicates that Detective Dixon of the Niles Police Department stated that the applicant was fully cooperative and complied with all police requests. The detective also stated that the barmaid could not be located for a follow-up interview regarding her account of the incident. Finally, the detective stated that offender Pat Carrol was charged with assault as a result of the incident and pled guilty to that offense. However, no charges were filed against the applicant in connection with this incident. The detective stated that there was no evidence that the applicant hit anyone in the bar. In contrast to the information relied upon by the single commissioner, counsel referred to the affidavits of the applicant, and two others, that were submitted with the prehearing brief. These affidavits present different versions of the incident from those related by either the barmaid or Pat Carrol.

After careful review of the information, briefs, and affidavits contained in the claim file, and with full consideration given to the oral argument advanced at the hearing, a majority of this panel makes the following determination.

We find that the preponderance of the evidence substantiates that the applicant engaged in contributory misconduct. Specifically, we find that the applicant voluntarily engaged in a physical altercation with the offenders. However, we disagree with the single commissioner's finding that the misconduct was substantial.

In his February 29, 1996 decision, the single commissioner quoted *In re Williams, supra,* for the proposition that if the evidence gives rise to an inference that the applicant's contributory misconduct proximately contributed to his injury, the applicant must produce some evidence to equal or dispel such

inference. The single commissioner then noted that the applicant (who was not represented by counsel at that time) had offered no evidence in his response or other filings to refute the Attorney General's finding of contributory misconduct. While we do not find that the affidavits submitted by the applicant are sufficient to refute the finding of contributory misconduct, we do find that the affidavits raise doubts as to how the altercation occurred. Accordingly, the majority concludes that the applicant's misconduct was not substantial, but that a twenty-five percent reduction of the award is reasonable in this case.

As a result of the criminally injurious conduct, the applicant incurred unreimbursed allowable expense in the amount of $1,796.70. Therefore, the single commissioner's February 29, 1996 decision shall be reversed and the applicant will be granted $1,347.52 for allowable expense, reflecting the total unreimbursed amount, less the twenty-five percent reduction. No reimbursement can be granted for the Warren General Hospital expense because the information in the claim file reveals that this cost is payable through the Ohio Hospital Care Assurance Program. See *In re Wilson* (Nov. 30, 1994), Ct. of Cl. No. V92–83935jud, unreported.

IT IS THEREFORE ORDERED THAT:

1. The February 29, 1996 order of the single commissioner is REVERSED;

2. Judgment is rendered against the state of Ohio and the Director of Budget and Management as its agent for payment of the award in the amount of $1,347.52;

3. The Clerk shall certify the $1,347.52 judgment to the Director of the Office of Budget and Management for payment to the applicant pursuant to R.C. 2743.191;

4. This award is expressly conditioned upon the subrogation provisions of R.C. 2743.72, which require the applicant to repay an award to the state if the Attorney General discovers and proves that the applicant was not actually eligible for an award of reparations or the award should not have been made under the standards and criteria set forth in R.C. 2743.51 to 2743.72;

5. This order is entered without prejudice to the applicant's right to file a supplemental reparations application pursuant to R.C. 2743.60(D) and 2743.68;

6. Any future awards granted in this case will also reflect the twenty-five percent reduction, pursuant to R.C. 2743.60(F);

7. Costs assumed by the reparations fund.

*Judgment accordingly.*

JAMES H. HEWITT III and KARL H. SCHNEIDER, Commissioners, concur.

PHILLIP E. PARISI, Commissioner, dissenting.

I dissent from the majority determination and would affirm the single commissioner. A common-sense appraisal of human behavior compels the conclusion that the conduct of the offender, Pat Carrol, was foreseeable, if not inevitable, as a result of the prior events involving both the applicant and this individual. In my view, it is tantamount to contributory misconduct for the applicant to return to the tavern after the first altercation involving the female patron and Pat Carrol. In addition, I find that there is credible evidence in the file indicating that the applicant was asked to leave the tavern when he returned the second time and that he refused to do so. In my view, the applicant's refusal to leave when requested constitutes trespass, an unlawful act, that is causally related to the criminally injurious conduct. The applicant's decision to return to the tavern, coupled with his refusal to leave upon request, amounts to substantial contributory misconduct and, in my opinion, warrants a complete denial of this claim.